■ JOHN LOOS, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent.—In an action to recover damages for defendant's alleged wrongful discharge of plaintiff, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered June 3, 1976, which is in favor of defendant upon the trial court's dismissal of the complaint at the close of the plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The plaintiff-appellant was employed for 25 years as a repairman for the defendant-respondent New York Telephone Company. He was also a member of the Communications Workers of America, AFL-CIO, with which the defendant has a collective bargaining agreement. This agreement provides that if an employee of the defendant is to be discharged for cause, he must first be suspended for 10 days. Where the union feels the discharge would be improper, the agreement calls for a grievance and arbitration procedure. The grievance procedure is in three steps, and the arbitration clause provides that if the grievance is not adjusted by the third step, the union could demand arbitration. The employee himself cannot demand arbitration. On October 12, 1972 the plaintiff was suspended by the defendant for 10 days, pending his discharge due to certain acts which occurred on October 2, 1972. The alleged acts were: (1) using company facilities and a company motor vehicle improperly; (2) acting in a manner which may have caused personal injury or property damage; and (2) submitting a falsified time sheet. It was claimed that the plaintiff had chased a 12-year-old boy with one of the defendant's trucks, after the boy allegedly threw sand at the plaintiff. The defendant's position was sustained in the three-step grievance procedure and the plaintiff's local union requested the parent union to take the case to arbitration. The plaintiff was dismissed and the union advised him that it would not proceed to arbitration. On October 11, 1973 plaintiff brought suit against the defendant, claiming wrongful discharge from employment. The defendant moved for summary judgment and the motion was denied. The case proceeded to trial before another Judge and the parties agreed that the jury should first determine whether there had been a wrongful refusal on the part of the union to demand arbitration and, if so, whether the defendant had wrongfully discharged the plaintiff. At the close of the plaintiff's case on the question of whether the union had wrongfully refused to further process

the grievance, the court dismissed the complaint for failure to make out a prima facie case. In *Vaca v Sipes* (386 US 171, 186) the Supreme Court of the United States held that where a union has the sole power under a collective bargaining agreement to invoke arbitration to resolve a grievance, an: "employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." The facts surrounding the plaintiff's discharge were in such sharp conflict that the propriety of the ultimate decision by the union not to demand arbitration should have been left for the jury to decide. It may well be that the union will be found not to have acted wrongfully. However, the evidence was sufficient to make out a prima facie case and the factual question involved should have been submitted to the jury. Rabin, J. P., Shapiro, Mollen and O'Connor, JJ., concur.